GURNEY P. HOOD, Commissioner of Banks of STATE OF NORTH CARO-
LINA, Ex Rel. NORTH CAROLINA BANK & TRUST COMPANY, v.
CLARENCE I. CLARK.

(Filed 9 June, 1937.)

**1. Appeal and Error § 45e—**

On appeal from judgment of nonsuit, the evidence must be considered
in the light most favorable to plaintiff in order to determine whether it
was sufficient to be submitted to the jury.

**2. Banks and Banking § 16—Liability of transferor of bank stock.**

In order for a transferor of bank stock to escape the statutory liability
thereon, the transfer must be made to person of age previous to any
default by the bank, and in good faith and without intent to evade the
statutory liability, intent and good faith to be determined by surrounding
circumstances.

**3. Same—Evidence held for injury on issue of transferor's liability.**

Evidence that the owner of bank stock transferred same, without con-
sideration, to his son, who was of age but was without property, six days
after the only other commercial bank in the city closed its doors for
liquidation, *is held* sufficient to be submitted to the jury in a suit to sub-
ject the transferor to the statutory liability.

**4. Same—Presumption arising from transfer of stock within 60 days prior
to suspension relates to closing for liquidation and not to bank holiday.**

The *prima facie* presumption of intent to evade the statutory liability
on bank stock arising from the transfer of the stock within sixty days
prior to the suspension of the bank, N. C. Code, 219 (d), would seem to
relate to the closing of the bank for liquidation and proceedings to enforce
the statutory liability of stockholders rather than to its suspension and
reopening under a restricted basis under ch. 120, Public Laws of 1933, and
the orders of the Commissioner of Banks pursuant thereto.

Appeal by plaintiff from *Armstrong, J.,* at February Term, 1937, of
Guilford. Reversed.

Action to subject defendant to stockholders' liability on certain shares
of stock in the North Carolina Bank & Trust Company.

At the close of the evidence motion for judgment of nonsuit was sus-
tained, and from judgment dismissing the action plaintiff appealed.

*Brooks, McLendon & Holderness for plaintiff.*
*Hobgood & Ward for defendant.*

Devin, J. The allowance of defendant's motion for judgment of
nonsuit requires consideration of the evidence in the light most favorable
to·the plaintiff to determine whether it was sufficient to warrant sub-
mission to the jury.

The evidence tended to show that defendant was the former owner of 240 shares of the stock of the North Carolina Bank & Trust Company, and that on 15 February, 1933, he transferred the stock to his son, Julian P. Clark, aged 24, without consideration, the son owning no property except a small amount of personalty. It also appeared in evidence that on 9 February, 1933, United Bank & Trust Company, the only other commercial bank in Greensboro, closed its doors and was taken over by the Commissioner of Banks for the purpose of liquidation. It was admitted that on 3 March, 1933, withdrawals from the North Carolina Bank & Trust Company were limited to five per cent; that the bank observed the banking holiday 4 March to 8 March, 1933, pursuant to chapter 120, Public Laws of 1933, and the orders of the Commissioner of Banks, and did not reopen therefrom for unrestricted business, although it did reopen at the end of said banking holiday under the terms and provisions of the orders of the Commissioner of Banks, and remained open for such restricted business as was permitted by the orders of the Commissioner of Banks until 20 May, when the Commissioner of Banks took possession of the bank for the purpose of liquidation, pursuant to the provisions of the statute relating to insolvent banks, and on 22 June, 1933, levied assessment equal to the stock liability of each stockholder in the bank, and filed the assessment roll in the office of the clerk of the Superior Court, under authority of C. S., 218 (c), (13).

The transfer of bank stock, to be effective against creditors of the bank, must be made in good faith and without intent to evade liability as a stockholder, to a person of full age and previous to any default in the payment of a debt by the bank. C. S., 219 (d). The question of intent and good faith must be determined by the surrounding circumstances. The fact that the defendant transferred his stock to his insolvent son without consideration, and that this was done six days after the only other commercial bank in the city had failed and been taken over for liquidation by the Commissioner of Banks, would, we think, constitute some evidence bearing on the question of the purpose of the transfer and be susceptible of the reasonable inference that it was done in order to evade personal liability on the stock.

It was also urged by the plaintiff that the evidence warrants the conclusion that the transfer of the stock was made within sixty days prior to the suspension of the bank, and was therefore *prima facie* evidence that the assignment was made with knowledge of the insolvency of the bank and with intent to evade the stockholders' liability. C. S., 219 (d). While the word "suspension" is ordinarily defined as a "temporary stop," a "temporary delay, interruption, or cessation," and as to commercial institutions, sometimes, "business failure," yet taken in the connection in which it is used in the statute, the reference is to bank stockholders'

liability and to the proceedings to enforce it. The statute (Public Laws 1921, ch. 4, sec. 24, codified in Michie's North Carolina Code as section 219 [d]) which sets forth the rule as to the liability of the assignor of stock and prescribes the period prior to the suspension of the bank within which an assignment would constitute *prima facie* evidence of intent to evade liability, occurs in connection with those provisions of the Banking Act which relate to the dissolution and liquidation of banks, and to the enforcement of the stockholders' liability accruing only upon the final closing of an insolvent bank for the purpose of liquidation.

However, without regard to the *prima facie* effect produced by the transfer of bank stock within the period prescribed by the statute, we conclude that there was sufficient evidence to go to the jury, and that there was error in sustaining the motion to nonsuit.

Reversed.